UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**SIDNEY WORTMAN,**

3:15-cv-1735-AC

Plaintiff,

**OPINION AND ORDER**

v.

**THE BOEING COMPANY,**

Defendant.

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff seeks a 14-day extension of the May 9, 2016, dispositive motion deadline, ultimately to allow him to file an amended complaint. Because amending his complaint is untimely and prejudices the Defendant, and because he has not shown good cause to allow an extension of time for that purpose, Plaintiff's motion (ECF No. 30) is denied.

*Background*

Plaintiff filed this lawsuit on September 11, 2015, alleging a single claim for relief for violation of ERISA. Plaintiff contends defendant improperly calculated his retirement benefit and thus failed to pay him the proper monthly pension payment after he retired in August 2014.

Page 1 - ORDER AND ORDER

Plaintiff's six-page complaint contains no other claims for relief, and contains no fact contentions beyond those which describe Defendant's allegedly erroneous calculation of his retirement payment.

On the same day that Plaintiff filed his lawsuit the court set an initial close-of-discovery date of January 11, 2016. (ECF No. 2.) On December 23, 2015, the parties filed a stipulated motion (ECF No. 19) for an order modifying the initial pretrial schedule. The parties proposed to extend the date for the close of discovery to February 23, 2016, and the date for filing dispositive motions to April 22, 2016. During a January 5, 2016 scheduling conference the court granted (ECF No. 21) the parties' stipulated motion. Thereafter, neither party sought an extension of the February 23, 2016 discovery close deadline.

On April 22, 2016, Plaintiff filed an unopposed motion (ECF No. 26) for an extension of time to file dispositive motions, which motion the court granted (ECF No. 27) on April 25, 2016. On May 5, 2016, Plaintiff filed a second unopposed motion (ECF No. 28) again requesting an extension of the dispositive motion deadline. On May 6, 2016, the court granted (ECF No. 29) Plaintiff's second extension request and extended the deadline for filing dispositive motions to May 9, 2016. In neither of Plaintiff's motions did he seek an extension of any other deadline, ask for leave to amend his complaint, or suggest that his extension request was intended for any purpose other than to extend the dispositive motion deadline. At no time did Plaintiff file a separate motion to amend his complaint

Defendant filed its summary judgment motion (ECF No. 32) on May 9, 2016, but Plaintiff did not file a summary judgment motion. Instead, Plaintiff filed a motion (ECF No. 30)

for an "enlargement of time to file a motion to amend its complaint." Plaintiff's third motion differed from his previous two because it sought a "continuance" of the dispositive motion deadline to allow Plaintiff to file an amended complaint "to make more clear his claims, including his claim for Breach of Fiduciary Duty." (ECF No. 30, at 1, 2.) In his supporting declaration Plaintiff's counsel stated that in conferring with Defendant's counsel, he told Defendant's counsel of Plaintiff's "intention to seek Summary Judgment on its claims, including on Breach of Fiduciary Grounds." (ECF No. 31, at 1.) Defendant's counsel responded that Defendant would move against any breach of fiduciary duty claim because "such claims were not raised in Plaintiff's Complaint." (ECF Nos. 30, at 1-2; 31, at 2.)

*Standard*

I. Scheduling Orders Under Rule 16.

Rule 16 states, in relevant part, that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). This district's local rules further provide that "objections to any court-imposed deadline must be raised by motion and must: (1) Show good cause why the deadlines should be modified[;] (2) Show effective prior use of time; (3) Recommend a new date for the deadline in question[; and] (4) Show the impact of the proposed extension upon other existing deadlines, settings, or schedules." District of Oregon, Local Rules of Civil Practice ("LR") 16-3(a) (2016) *See also Reitz v. Adams, et al.*, 3:13-cv-02025-AC, 2015 WL 1346127, at *3 (D. Or. March 23, 2015) (applying LR 16-3(a) to plaintiff's motion to retroactively extend the service of process deadline). "A party seeking to amend a pleading after a scheduling order has been entered pursuant to Federal Rule of Civil Procedure

Page 3 - ORDER AND ORDER

16(b) must first show 'good cause' for amending the scheduling order before the court considers whether the amendment satisfies the requirements of Rule 15(a)." *Ashby v. Farmers Ins. Co.*, 2007 U.S. Dist. LEXIS 97502, at *4, 2007 WL 5479070 (D. Or. Sept. 26, 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). The primary factor in determining whether good cause exists is whether the party seeking amendment was diligent in pursuing the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 609. If the party who seeks modification of the scheduling order did not act diligently in doing so, "the inquiry should end," and the motion should be denied. *Id.*

II.  Amendments to Pleadings Under Rule 15.

Federal Rule of Civil Procedure 15 governs amendments to pleadings, and states, in relevant part, that where a party already has been served with a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(1)-(2) (2007). "Although the rule should be interpreted with 'extreme liberality,' leave to amend should not be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). A trial court may deny the motion if permitting amendment would prejudice the opposing party, produce an undue delay in litigation, result in futility for lack of merit, is sought by plaintiffs in bad faith or with a dilatory motive, or the plaintiffs have filed numerous amended complaints. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *AmerisourceBergen Co. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Prejudice to the opposing party carries the "greatest weight" in determining whether to

deny leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Whether to grant leave to amend lies within the sound discretion of the trial court. *Webb*, 655 F.2d at 979. In exercising this discretion, however, the court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id.*

*Discussion*

Plaintiff's motion presents two procedural issues for the court to resolve. First, the court must determine whether to permit an extension of its previous scheduling orders which set and then extended, among other deadlines, the date by which the parties were to file dispositive motions. Second, the court must decide whether Plaintiff should be allowed to amend his complaint.

*Preliminary Procedural Matter*

As an initial matter, Plaintiff's motion seeks a "continuance" of the dispositive motion deadline but not for the purpose of gaining extra time to file a dispositive motion. Instead, he seeks an extension of that deadline, set pursuant to the court's authority under Rule 16, to allow him to amend his complaint, but he has not filed a motion to amend his complaint or submitted for review the proposed complaint he would file if the court granted him leave to do so. Although Plaintiff has not filed a formal motion seeking leave to amend his complaint, the purpose for which he seeks an extension necessarily requires the court to address that question. Thus, the court addresses both the scheduling extension request and the Plaintiff's proposal to amend his complaint.

I.  Extension of the Scheduling Order.

Plaintiff fails to show good cause for his request to extend the court's operative scheduling order, and also fails to demonstrate that he made effective prior use of the time allowed under the court's previous scheduling orders.  First, Plaintiff previously sought and obtained two extensions of the dispositive motion deadline, and his current motion for a third extension fails to directly explain why he could not have filed his dispositive motion by the May 9 deadline.  He offers no description of his efforts to use the time before May 9 to prepare a dispositive motion or even that he in the process of doing so.  Second, Plaintiff offers no good cause to support his request to extend the dispositive motion deadline.  He cites no inability to obtain evidence to support his dispositive motion, makes no claim that additional time is needed to incorporate into his motion newly discovered facts, and lists no unforeseen circumstances that have prevented him from preparing a dispositive motion by the May 9 deadline.

The only reason Plaintiff cites to support his extension request is an intent to seek summary judgment on a claim for relief not contained in his current complaint.  He does not explain, however, why he could not have prepared his dispositive motion on his ERISA violation claim by the May 9 deadline.  As importantly, he provides no compelling reason to explain his failure prior to May 9 to seek a modification of the court's scheduling order to accommodate the filing of an amended complaint and, in turn, a commensurate adjustment of the dispositive motion deadline.

\ \ \ \ \

\ \ \ \ \

Page 6 - ORDER AND ORDER

In sum, Plaintiff fails to carry his burden under Rule 16(b)(4) and LR 16-3(a) to show that the court should modify the court's prior scheduling order. Accordingly, Plaintiff's motion for an enlargement of time is denied.

II. Amendment of the Complaint.

Having found no good cause for a modification of the court's scheduling order, the court need not address Plaintiff's request to amend his complaint. Nonetheless, the court addresses that issue to ensure a clear record and avoid subsequent and duplicative motion practice regarding a proposed amended complaint.

The starting point for the court's analysis is the absence of a motion for leave to amend Plaintiff's complaint. Without a formal motion accompanied by the required proposed amended complaint, the court cannot decide – or even consider – whether to allow Plaintiff to amend his complaint. *See* LR 15-1(d)(1) (providing "[a] copy of the proposed amended pleading must be attached as an exhibit to any motion for leave to file the amended pleading."). For this reason, the court declines to consider Plaintiff's request to amend his complaint.

Even if Plaintiff had filed a formal motion to amend his complaint, the court would deny it as both untimely and prejudicial. Regarding untimeliness, Plaintiff filed his complaint on September 11, 2015, and at no time thereafter and before the May 9, 2016, dispositive motion deadline did he seek leave to amend his complaint. The initial January 11, 2016 and extended February 23, 2016 discovery close dates, as well as the initial April 22, 2016 and extended May 5, 2016 dispositive motion deadlines passed, but plaintiff waited until the third dispositive motion deadline on May 9 to raise the prospect of amending his complaint. Even then, he filed

Page 7 - ORDER AND ORDER

no formal motion seeking leave to amend.  Plaintiff's current motion contains no explanation why he could not have sought leave to amend earlier.

Prejudice to the opposing party carries the "greatest weight" in determining whether to deny leave to amend, *Eminence Capital, LLC*, 316 F.3d at 1052, and prejudice is clearly present here.  First, Defendant has completed its discovery on Plaintiff's ERISA violation claim, the only claim contained in his complaint, and discovery.  Discovery has been closed since February 22, 2016, two and one-half months before Plaintiff's request to amend his complaint.  In that request Plaintiff represents he would add a claim under ERISA for breach of fiduciary duty, and two common-law claims for estoppel and breach of contract – claims Plaintiff's counsel acknowledged would require discovery outside the administrative record.  (ECF 38-1, at 2, 7-9.)  But discovery is closed and if reopened, Defendant would incur additional cost from duplication of previously taken discovery and a delay of undetermined length in obtaining a ruling on its summary judgment motion.

Second, Defendant has filed its summary judgment motion, which creates a significant advantage for Plaintiff were he allowed to amend his complaint and reopen discovery.  Plaintiff has suggested he would plead additional theories of liability, which if allowed would permit him to plead around the deficiencies in his existing claims that Defendant has identified in its summary judgment motion.  In addition, Plaintiff would be able to fashion his proposed new claims and conduct discovery on those claims to avoid the arguments Defendant raises in its summary judgment motion, as well as preempt the anticipated arguments against his new claims that Defendant's current motion suggest.

Third, Plaintiff offers no explanation for delaying until now presenting the new claims for relief he proposes to add to his complaint.  His statement to Defendant's counsel during their conferral that "the facts underlying [the new] claims are the same as the facts underlying his claim for benefits" (ECF No. 38-1, at 2), demonstrates that his new claims likely are not the product of newly discovered facts but of newly conceived legal theories.  Plaintiff offers no reason to explain why he could not have asserted any of the new theories before now.

In short, Plaintiff has delayed too long seeking to amend his complaint and that delay, combined with the passage of the discovery close date and the summary judgment deadline, result is significant prejudice to the Defendant.

*Conclusion*

Plaintiff's Motion (ECF No. 30) for Enlargement of Time to File a Motion to Amend Its Complaint is DENIED.

IT IS SO ORDERED.

DATED this _16th_ day of May, 2016.

JOHN V. ACOSTA
United States Magistrate Judge

Page 9 - ORDER AND ORDER