IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SIDNEY WORTMAN,

        Plaintiff,

v.

THE BOEING COMPANY,

        Defendant.

3:15-cv-01735-AC

**OPINION AND ORDER**

ACOSTA, Magistrate Judge:

Defendant The Boeing Company ("defendant") has filed a motion (ECF No. 33) for summary judgment against plaintiff Sidney Wortman's ("plaintiff") ERISA claims (ECF No. 1). The court heard oral argument on August 16, 2016, and plaintiff filed a sur-response (ECF No. 48) on August 26, 2016. Upon consideration of the parties' arguments and the entire file, defendant's motion is GRANTED.

*Background*

In consideration of this summary judgment motion, the court views the evidence in the light most favorable to plaintiff and draws "all justifiable inferences" in that plaintiff's favor. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006). Plaintiff filed this lawsuit

Page 1 – OPINION AND ORDER

on September 11, 2015, alleging violations of the Employee Retirement Income Security Act ("ERISA"). Plaintiff was an employee at Boeing beginning in 1977, until his retirement in 2014. From 1977 until 1998, plaintiff was an hourly union employee and participated in the Boeing Company Employee Retirement Plan ("BCERP"). During the first 21 years of his employment, plaintiff was vested in the BCERP and accrued benefits thereunder. The BCERP was Boeing's only retirement plan during this time.

In March 1998, plaintiff became a salaried, non-union employee and was no longer represented by a collective bargaining agreement. Effective January 1, 1999, Boeing implemented a second retirement plan, the Boeing Company Pension Value Plan ("PVP") for salaried, non-union employees. Boeing transferred plaintiff's entire accrued benefit to the PVP during this time as a "Heritage Boeing" benefit, and plaintiff commenced participation in the PVP.

On June 7, 2002, plaintiff took an hourly, union position at Boeing and was once again subject to a collective bargaining agreement. At that time he again began accruing benefits under the BCERP, which continued until his retirement on August 22, 2014. Plaintiff's total accrued years of credited service under the BCERP at this time was 12.485. The Employee Benefits Plans Committee calculated his years of credited service under the PVP as 25.3191, representing the period from March 2, 1977 through June 6, 2002, and included his Heritage Boeing benefit. (ECF No. 34-3, p. 3.)

Upon retirement, plaintiff requested that defendant calculate his credited service earned from 1977 to 1998 under the BCERP. Calculation under the BCERP of plaintiff's first 25 years of employment was a multiplier of 87, whereas the PVP dictates that plaintiff's accrued service years are subject to a factor of 80.1. The Boeing Retirement Operations Office denied his

request and plaintiff appealed to the Employee Benefit Plans Committee (the "Committee"), which denied his appeal in a written decision dated March 16, 2015. (ECF No. 34-3, p. 3.) The Committee explained that the benefits calculation was based on the express provisions of the BCERP and the PVP plan. It explained:

> The Committee has a fiduciary responsibility under [ERISA] to administer the BCERP and PVP in accordance with their written terms consistently applied to all participants. … [B]ased on the clear and unambiguous terms of the PVP and BCERP, coupled with [plaintiff's] actual benefit service history and plan participation, the Committee upholds the prior determination of the Retirement Operations office and denies [plaintiff's] appeal.

*Id.* at 9. Plaintiff then filed this lawsuit, which alleges that defendant violated ERISA by denying him "the full Pension benefit to which he is entitled under the Plan." (ECF No. 1, p. 5.). Defendants moved for summary judgment, arguing that they are entitled to judgment as a matter of law because the Committee did not abuse its discretion in denying plaintiff's appeal.

*Legal Standard*

I.   Summary Judgment Standard

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure ("Rule") 56(c). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court views the evidence in the light most favorable to the non-moving party and draws "all justifiable inferences" in that party's favor. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (*quoting Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (*quoting* FED. R. CIV. P. 56(e)). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) (*quoting Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981)).

II. ERISA Actions

The federal common law of ERISA informs the application of the summary judgment standard in a case asserting a claim for benefits under ERISA. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). While ERISA does not define the standard of review for actions seeking benefits, the Supreme Court clarified the appropriate standard in *Firestone*, stating "a denial of benefits challenged under 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone*, 489 U.S. at 115; *see* 29 U.S.C. § 1132(a). If discretionary authority is afforded, a deferential standard of review is appropriate. *Id.* at 111.

*Discussion*

An abuse of discretion standard of review applies to a denial of benefits challenged under ERISA Section 502(a)(1)(B) where a plan or plans grant discretionary authority to the claims review fiduciary to determine eligibility for benefits or to construe the terms of the plan. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). It is undisputed that the PVP and BCERP are defined benefit plans under ERISA. By their express terms, both the BCERP and the PVP (collectively, the "Plans") give the administrator authority to determine eligibility for benefits and construe their terms, and to "determine all questions that may arise including all questions relating to … the amount of benefits to which any Participant or Beneficiary may become

entitled." (ECF No. 34-1, p. 86; ECF No. 34-2, p. 120.) Therefore the abuse of discretion standard applies for review of the Committee's actions. *Glenn*, 554 U.S. at 108.

Under the abuse of discretion standard, a plan administrator's decision "will not be disturbed if reasonable." *Day v. AT&T Disability Income Plan*, 698 F.3d 1091, 1096 (9th Cir. 2012). This standard requires deference to the administrator's decision unless it is "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 929 (9th Cir. 2012). ERISA administrators abuse their discretion if they act without explanation or "construe provisions of the plan in a way that conflicts with the plain language of the plan." *Day*, 698 F.3d at 1096. The court thus reviews the Committee's determination for abuse of discretion.

As an initial matter, the Committee fulfilled its duty to apply the express terms of the PVP and the BCERP. Under ERISA Section 404(a)(1)(D), a fiduciary is obligated to act in accordance with plan documents to the extent that a plan is consistent with ERISA. 29 U.S.C. § 1104(a)(D). The Committee was therefore required to comply with the terms of the PVP and with the BCERP.

As noted, plaintiff was an active participant in the BCERP when he became a non-union, salaried employee in March, 1998. The BCERP Section 13.18(a) and Appendix A of the PVP provide that the assets and liabilities attributable to the accrued benefit of any BCERP participant who was both an active participant therein and a salaried employee not represented under a collective bargaining agreement were transferred to the PVP effective January 1, 1999. (ECF No. 34-1, p. 201; ECF No. 34-2, p. 143.) Section 4.4 of the BCERP provides: "[e]ffective December 31, 1998, any salaried Employee whose benefit was transferred to the [PVP] in accordance with Section 13.18 and who was not represented by a collective bargaining agent . . .

shall cease accruing benefits under the Plan." (ECF No. 34-1, p. 54.) Applying these express terms, the Committee found that as of January 1, 1999, plaintiff ceased accruing benefits under the BCERP because he was no longer an "Eligible Employee" as defined in Section 1.21(b)(7) of the BCERP. (ECF No. 34-3, p. 8, 10.) Because the Committee complied with the terms of the PVP and the BCERP, there was no violation of ERISA Section 404(a)(1)(D).[1]

In his Response, plaintiff argues that the Committee nevertheless abused its discretion because: (1) it failed to calculate or investigate the actual benefit subject to the 1999 transfer of plaintiff's benefits from the BCERP to the PVP; (2) it diminished his accrued benefit in violation of ERISA Section 208 and in violation of the collective bargaining agreement; and (3) it acted under a conflict of interest. (ECF No. 43.)

I.     Failure to Investigate Benefits Subject to Transfer

Plaintiff alleges that the Committee abused its discretion because it did not consider or investigate the actual entitlement that was transferred, the amount of that entitlement, or the amount to which plaintiff was entitled after the transfer, when his benefits were transferred from the BCERP to the PVP. Citing *Pac. Shores Hosp. v. United Behavioral Health*, 764 F.3d 1030 (9th Cir. 2014), plaintiff argues that the court may consider materials outside of the administrative record where additional evidence is required to determine the facts which underlie a benefits determination. (ECF No. 48, p. 2-3.)

Here, however, additional materials were not required to determine the facts underlying the Committee's benefits determination. While the Committee's March 16, 2015 memorandum denying plaintiff's appeal of his benefit award does not reference the amount that was transferred from the BCERP to the PVP, this does not show an abuse of discretion, because the sole issue

---

[1] Although plaintiff points out that he was a salaried employee for only 4 of the 25 years for which his benefits are calculated under the PVP, the express and unambiguous terms of the plan documents clearly dictate the Committee's finding. (*See* ECF No. 34-3, p. 8, 10.)

Page 6 – OPINION AND ORDER

before the Committee was whether the PVP or the BCERP should provide benefits for plaintiff's pre-1999 years of service. (ECF No. 43-11.)

Plaintiff also argues that the Committee failed to consider two prior estimates – dated April, 2014 and July 2014 – of plaintiff's pension. (ECF Nos. 44-1, 44-2.) Here, the April, 2014 estimate reflects a calculation at "normal retirement age," defined by both the PVP and the BCERP as age 65. The July, 2014 estimate updated the calculation to reflect plaintiff's decision to retire early, thus applying the Plans' early retirement reduction factor. *Id.* The Committee did not abuse its discretion by failing to consider these estimates because the Committee was able to accurately and independently calculate plaintiff's benefits using the documents in the administrative record.

## II. Diminishment of Accrued Benefits

Plaintiff next argues that the 1999 transfer of benefits from BCERP to the PVP effectively reduced his benefit award by approximately $118 per month. ERISA provides that an accrued benefit may not be diminished by a transfer – or any other action of an employer – except in limited circumstances. ERISA Section 208 is satisfied so long as the transferring company properly accounts for the investment performance of plan assets between the valuation date and the transfer date. *Systems Council Em-3 v. AT&T*, 972 F. Supp. 21 (D. D.C. 1997).

Here, defendant complied with Section 208 by accounting for plaintiff's plan assets between the valuation date and the date his benefits were transferred to the PVP. While plaintiff points to benefit estimates that show an ultimate reduction (ECF Nos. 44-1, 44-2), those estimates represent a reduction for early retirement, not a decrease in the benefits plaintiff accrued under the BCERP. As discussed above, the transfer preserved plaintiff's accrued years

of service and included them in his PVP as a Heritage Benefit. Thus, any estimated reduction in plaintiff's benefits was a result of his decision to retire early and not a result of the transfer.

Plaintiff also argues that defendant abused its discretion because the Committee did not consider defendant's current, binding collective bargaining agreement ("CBA") which set forth the terms of plaintiff's employment and his entitlement to benefits.[2] Plaintiff alleges that the CBA compels a multiplier of 87 to his accrued service years under the BCERP, in contrast with the conversion factor of 80.1 under the PVP. (ECF No. 43-4, p. 2.) However, the CBA in effect upon plaintiff's retirement is not relevant to plaintiff's first 25 years of accrued service. Pursuant to the Plan terms, plaintiff's first 25 years of accrued service benefits are calculated under the PVP. (*See* ECF Nos. 34-1, p. 201; 34-2, p. 143.) Further, even if it were relevant, the CBA in effect at the time of the transfer of plaintiff's benefits from the BCERP to the PVP does not support plaintiff's claim. (ECF No. 45-1, p. 37.) That agreement, which was in effect from December 14, 1995 until September 1, 1999, provides a multiplier of 40. *Id.* For these reasons, the court rejects plaintiff's argument that the Committee abused its discretion or violated the CBA by diminishing his benefit amount during the 1999 transfer.

### III. Conflict of Interest

Plaintiff lastly argues that the Committee rendered its decision under a conflict of interest, because the Committee is employed by defendant, whose interest in its own financial well-being is opposed to plaintiff's. The court rejects this argument. "[I]f a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a "facto[r] in determining whether there is an abuse of discretion." *Firestone*, 489 U.S. at 115 (*citing* Restatement (Second) of Trusts § 187, Comment d (1959)).

---

[2] Because plaintiff's complaint alleges solely a violation of ERISA, and not a breach of contract, the court evaluates this argument under the terms of ERISA.

For example, if a conflict of interest involves evidence of malice, self-dealing, or parsimonious claims-granting history, a court may weigh a conflict more heavily than a conflict of interest without evidence of malice or self-dealing. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 968 (9th Cir. 2006). A court may weigh the conflict more heavily if there is evidence that the administrator has given "inconsistent reasons for denial[,] ... fails adequately to investigate a claim or ask the plaintiff for necessary evidence[,] . . . fails to credit a claimant's reliable evidence[,] . . . or has repeatedly denied benefits to deserving participants by interpreting plan terms incorrectly or by making decisions against the weight of evidence in the record." *Id.* at 968-69.

Here, plaintiff has not identified in the record below or otherwise presented evidence that the Committee has given inconsistent reasons for denial, has failed to adequately investigate claims, or has failed to credit his reliable evidence. The Committee is composed of employees of Boeing, who have no pecuniary interest in the outcome of appeals. The Committee administers the Plans, and the Plans' actuarially funded trusts pay the Plans' benefits. (ECF No. 34-1, pp. 32, 77; ECF No. 34-2, pp. 37, 109.) Plaintiff has not pleaded or presented facts to establish a conflict of interest; even assuming that he has, he has not pleaded or presented facts to establish malice or self-dealing, or any other element that would cause the court to weigh this factor heavily in evaluating the Committee's action. Given that the Committee applied the express terms of the Plans in its determination, and in the absence of evidence of a conflict of interest, the court finds that the Committee did not abuse its discretion in denying plaintiff's appeal of his benefits determination.

In sum, plaintiff does not point to any term in either Plan that supports his request to have his pre-1999 service credited under the BCERP. His allegations therefore fail to create a genuine

issue of fact regarding whether the Committee violated ERISA in denying his appeal. Accordingly, summary judgment is appropriate and defendant's motion is granted.

*Conclusion*

For the reasons stated above, defendant's motion (ECF No. 33) is GRANTED and plaintiff's Complaint (ECF No. 1) is DISMISSSED with prejudice.

IT IS SO ORDERED.

DATED this 6th day of September, 2016.

                                                JOHN V. ACOSTA
                                      United States Magistrate Judge